IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

LEEVESTER BROWN, PETITIONER

v. No. 2:10CV33-P-D

WARDEN MORRIS, ET AL. RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Leevester Brown for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed. Brown has not responded to the motion, and the deadline for response has expired. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

**Facts and Procedural Posture**

Leevester Brown is in the custody of the Mississippi Department of Corrections and currently housed at the Mississippi State Penitentiary at Parchman, Mississippi. Brown was convicted of capital murder in the Circuit Court of Coahoma County, Mississippi, and sentenced, by Order filed August 11, 2006,[1] to serve a term of life in the custody of the Mississippi Department of Corrections. Brown's motion for judgment *non obstante veredicto* ("JNOV") or new trial was denied on September 14, 2006. Neither Brown nor his retained counsel filed a notice of appeal.[2] An Application for Writ of Habeas Corpus was docketed on January 12,

---

[1]The Judgment was signed August 11, 2006, and by the trial judge's order *nunc pro tunc* in December 13, 2006, was ordered to be filed as of August 11, 2006.

[2]The docket of the Coahoma County Circuit Clerk's Office reflects that retained counsel filed a motion for leave to withdraw and a motion to allow Brown to appeal *in forma pauperis*, but no notice of appeal was filed in this case.

2009, in the Circuit Court of Coahoma County. This document was filed by an individual named Tony Davis, purportedly on Brown's behalf. On August 28, 2009, the circuit court denied Brown's application noting numerous reasons why the motion was denied, including the fact that post-conviction collateral relief was the proper procedural vehicle for the claims; that the signatory on the motion did not appear to be a licensed attorney in Mississippi and that the claims in the motion were without merit. Brown did not appeal the lower court's order. Brown has also filed a "Notice of Claim for Wrongful Conviction" in the circuit court which is currently pending on that court's docket.

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Brown's conviction became final thirty days after the denial of his motion for JNOV or new trial. *See* MISS. R. APP. P. 4(e); *see also Roberts v. Cockrell,* 319 F.3d 690 (5th Cir. 2003). The motion was denied on September 14, 2006; therefore, the statute of limitations for federal habeas relief began to run on October 16, 2006 (September 14, 2006, plus thirty days).[3] Brown did not file a proper application for post-conviction relief as contemplated by 28 U.S.C. § 2244(d)(2) on or before October 16, 2007; as such, the tolling provision of §2244(d)(2) is not applicable to the instant case, and Brown's petition for *habeas corpus* was untimely filed.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, Brown's federal petition was filed sometime between the date it was signed on February 8, 2010, and the date it was received and stamped as "filed" in the district court on March 1, 2010. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 846 days after the October 16, 2007, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-514 (5th Cir. 1999) The instant petition will therefore be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum

---

[3]The thirty day period actually ended on October 14, 2006, which fell on a weekend. Therefore, the Notice of Appeal would have been due on the following business day, Monday, October 16, 2006.

opinion will issue today.

**SO ORDERED,** this the 21st day of July, 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE